UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER,<br><br>            Plaintiff,<br><br>    v.<br><br>VERA WHOLE HEALTH, INC., et al.,<br><br>            Defendants. | CASE NO. C24-337 MJP<br><br>ORDER ON MOTION TO DISMISS AND MOTION TO REMAND |

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 9) and Plaintiff's Motion to Remand (Dkt. No. 10). Having reviewed the Motions, the Responses (Dkt. Nos. 11, 15), the Replies (Dkt. Nos. 13, 16), and all supporting materials, the Court GRANTS the Motion to Dismiss and DENIES the Motion to Remand as MOOT.

**BACKGROUND**

Plaintiff Shannon Spencer filed this class action in King County Superior Court against Vera Whole Health and related entities to pursue claims Defendants violated the pay transparency requirements of Washington's Equal Pay and Opportunities Act (EPOA), RCW

1  49.58.110. Defendants removed the action to this Court and have moved to dismiss, while
2  Spencer asserts that the matter was improperly removed. The Court reviews the statutory and
3  factual background.

4  **A.     Statutory Background**

5  Washington State passed its first equal pay legislation, the Equal Pay Act, in 1943, and
6  amended it for the first time in 2018, at which time it became known as the EPOA. See RCW
7  49.12.175; 49.58.005. The Washington Legislature found that "despite existing equal pay laws,
8  there continue[d] to be a gap in wages and advancement opportunities among workers in
9  Washington, especially women." RCW 49.58.005. The law was updated "to address income
10 disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all
11 workers in Washington state." Id.

12 In 2019, the EPOA was further updated to address discriminatory hiring practices by
13 prohibiting employers "from seeking the wage or salary history of an applicant for employment
14 in certain circumstances," and by requiring "an employer to provide wage and salary information
15 to applicants and employees" upon request, although only "after offering the applicant the
16 position." RCW 49.58.005; see also RCW 49.58.100, -.110.

17 In 2022, the Legislature again amended the EPOA by modifying RCW 49.58.110 to
18 require employers to proactively disclose compensation information when a position is posted as
19 available. This "allows a discussion at the start of the process instead of after an offer has been
20 made, which will increase the ability to negotiate pay." (Complaint ¶ 3 (quoting H.B. Rep. ESSB
21 5761, at 2 (Wash. 2022)) (Dkt. No. 1-1).) As Spencer points out, the Legislature amended the
22 Act in part to "'allow[] a discussion at the start of the process instead of after an offer has been
23 made, which will increase the ability to negotiate pay.'" (Id. (quoting H.B. Rep. ESSB 5761, at
24

ORDER ON MOTION TO DISMISS AND MOTION TO REMAND - 2

2).) The Legislature was also concerned that "'[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay.'" (Id. (quoting S.B. Rep. ESSB 5761, at 3 (Wash. 2022)).)

The EPOA now states, in relevant part, that an employer must "disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant." RCW 49.58.110(1). It is this provision that Spencer claims Defendants violated.

**B.     Factual Background**

Shannon Spencer lives in Washington and applied for an IT Service Desk Analyst position at Defendants' Seattle office. (Complaint ¶¶ 8, 17; Declaration of Timothy W. Emery Ex. 1 (Dkt. No. 17-1 at 4).) Spencer alleges "[t]he posting for the job opening did not disclose the wage scale or salary range to be offered." (Id. ¶ 17.) He alleges that he and the members of a proposed class of similarly-situated individuals "lost valuable time applying for jobs with Defendants for which the wage scale or salary range was not disclosed." (Id. ¶ 18.) Spencer alleges that "[a]s a result of Plaintiff's and Class members' inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace, Class members were harmed." (Id. ¶ 19.) But Spencer alleges only that he applied for the job, not that he was qualified for the position, that he received any specific response, or that he received an interview offer.

## ANALYSIS

**A.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action for lack of subject matter jurisdiction. A jurisdictional attack under Rule 12(b)(1) may be

facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Generally, in ruling on a Rule 12(b)(1) motion, the court need not defer to a plaintiff's factual allegations. Id. But where a Rule 12(b)(1) motion seeks dismissal for lack of standing, the Court defers to the plaintiff's factual allegations and "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (internal quotation marks omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." Id. at 560. In short, a 12(b)(1) motion to dismiss for lack of standing can only succeed if the plaintiff has failed to make "general factual allegations of injury resulting from the defendant's conduct." Id.

Because the Court does not reach Defendants' other arguments under Rule 12(b)(6), the Court does not address the standards under Rule 12(b)(6).

**B.     Plaintiff Lacks Standing**

The Court finds that Spencer lacks standing because he has failed to identify a concrete injury from Defendants' failure to provide statutorily-required salary information.

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." Fed. Election Comm'n v. Cruz, 596 U.S. 289, 295–96 (2022). If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction. See Warth v. Seldin, 422 U.S. 490, 498 (1975). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was

ORDER ON MOTION TO DISMISS AND MOTION TO REMAND - 4

likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Plaintiff bears the burden of establishing each of these elements "with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" Id.; accord Tingley v. Ferguson, 47 F.4th 1055, 1066 (9th Cir. 2022).

This case falls into a category of lawsuits where standing is premised on the violation of a statutory right. "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" Robins v. Spokeo, Inc. (Spokeo II), 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting Spokeo, Inc. v. Robins (Spokeo I), 578 U.S. 330, 341 (2016) as revised (May 24, 2016)). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" Id. (quoting Spokeo I, 578 U.S. at 340).

"Although we often think of 'tangible' injuries as the basis of this jurisdictional requirement, the Supreme Court has confirmed that 'intangible injuries can nevertheless be concrete.'" Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668, 679 (9th Cir. 2021) (quoting Spokeo I, 578 U.S. at 340). While "[t]he omission of statutorily required information can constitute a distinct, concrete injury," "not 'every minor inaccuracy reported in violation of [a statute] will cause real harm or present any material risk of real harm.'" Id. (quoting Spokeo II, 867 F.3d at 1116). "[A]n intangible injury may be concrete if it presents a material risk of

tangible harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." Phillips v. United States Customs & Border Prot., 74 F.4th 986, 991 (9th Cir. 2023) (quoting Spokeo I, 578 U.S. at 340-41).

"To determine whether the violation of a statute constitutes a concrete harm, we engage in a two-part inquiry." Magadia, 999 F.3d at 679. "We first consider 'whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights).'" Id. (quoting Spokeo II, 867 F.3d at 1113). "If so, we then assess 'whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'" Id. (quoting Spokeo II, 867 F.3d at 1113).

Although the EPOA protects concrete interests of job applicants, the Court finds that the alleged violation Spencer identifies did not cause an actual harm or present a material risk of harm to that interest. The Court reviews its two-part analysis, below.

First, the Court finds that the salary disclosure requirement in the EPOA was established to protect concrete, non-procedural rights for job applicants and employees. The EPOA was recently amended to address the wage gap and income disparities that exist affecting workers in Washington. RCW 49.58.005. The EPOA expressly states that "the legislature intends to require an employer to provide wage and salary information to applicants and employees." RCW 49.58.005(4). To promote this goal, the 2019 Amendments to the EPOA required employers to provide wage and salary information to applicants upon request, but only "after offering the applicant the position." RCW 49.58.005, -.100-.110. Then in 2022, the Legislature amended the EPOA to increase transparency by requiring proactive disclosure of wage and salary information to "allow[] a discussion at the start of the process instead of after an offer has been made, which

will increase the ability to negotiate pay." H.B. Rep. ESSB 5761, at 2. This change was designed to avoid harm to those who "spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3. Read together, this legislative history confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate.

Second, Spencer has failed to show how the lack of disclosure caused him an actual harm or material risk of harm consistent with the EPOA. In full, Spencer alleges that as a result of the missing pay scale and wage range information, he "lost valuable time" and was unable to "evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace[.]" (Compl. ¶¶ 18-19.) But these allegations fail to show any actual harm against which the EPOA intends to protect. Nowhere has Spencer alleged that he was offered an interview or that he engaged in any pay negotiations. All Spencer alleges is that he applied to job. And Spencer does not even allege he was qualified for the position. As a result, the only injury Spencer identifies is the time he "lost" in submitting the application. This is not an injury that the EPOA seeks to prevent or redress. The conclusion reached in a similar case pending this District applies here: "[a] job posting that does not contain compensation information is a technical violation, but it does not harm or create a material risk of harm to any individual's concrete interest" because "[a] nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof." Floyd v. Insight Global, LLC, C23-1680 BJR, Order Granting Mot. to Dismiss at 14 (W.D. Wash. Apr. 25, 2024). As was the case in Floyd, Spencer has failed to identify a concrete and particularized

injury sufficient to satisfy Article III standing. On this basis, the Court GRANTS the Motion to Dismiss. Because the Court lacks subject matter jurisdiction, the Court REMANDS this matter to King County Superior Court and DENIES the Motion to Remand as MOOT.

**CONCLUSION**

The Court finds that Spencer has failed to allege an injury to a concrete interest sufficient to satisfy Article III standing. The Court therefore lacks subject matter jurisdiction, and it may not preside over this matter. The Court GRANTS Defendants' Motion to Dismiss under Rule 12(b)(1) and REMANDS this matter to the King County Superior Court. The Court DENIES the Motion to Remand as MOOT.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 2, 2024.

Marsha J. Pechman
United States Senior District Judge